```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

**PATRICIA LEAVITT and PAUL
SWANSON, Husband and Wife,**

    Plaintiffs,

  v.

**BNSF RAILWAY COMPANY, a
Delaware Corporation, and the
VILLAGE OF POSEN, ILLINOIS,**

    Defendants.

**Case No. 05 C 4387**

**Hon. Harry D. Leinenweber**

## MEMORANDUM OPINION AND ORDER

  This is a negligence action arising from an incident in which Plaintiff Patricia Leavitt(hereinafter, "Leavitt") fell after stepping on a water meter pit cover that Defendant the Village of Posen (hereinafter, "Posen") owned and maintained Posen has moved for summary judgment. For the reasons stated herein, Defendant's Motion for Summary Judgment is **DENIED**.

### I. BACKGROUND

  The following facts are taken from the parties' Local Rule 56.1 submissions. The facts are undisputed, unless specifically stated otherwise. Because this is a summary judgment motion, all reasonable inferences are settled in the non-movant's favor.

  On the morning of October 22, 2004, Leavitt was walking with a co-worker along Western Avenue in the Village of Posen. On their way to a nearby restaurant, the pair first followed a short stretch

of sidewalk abutting a commercial building. The sidewalk ended, however, at the lot of Posen resident Mac Wilson ("Wilson"). Leavitt and her co-worker continued over the curbside grass, following what Leavitt characterizes as a "well worn path" and what Posen characterizes as "matted grass." Wilson, who willingly allows the public to cross his yard because there is no sidewalk, had no objection to Leavitt walking on his land.

Along Leavitt's trajectory, in Wilson's yard, Posen kept a water meter pit approximately 39 inches deep and 21 inches in diameter, which housed the water meter for Wilson's residence. A metal lid covered the meter pit. On October 21, 2004, Posen employee Ron Szczecina ("Szczecina") had removed and replaced the meter pit cover in the process of reading Wilson's meter. When Leavitt stepped on the cover on October 22, 2004, while crossing in front of Wilson's house, it gave way, causing her to fall.

Leavitt and her husband, Paul Swanson, (collectively, the "Plaintiffs") allege Posen was negligent in failing to maintain, inspect, and repair the meter pit cover; failing to replace and secure the cover; creating or allowing a dangerous condition to exist; and failing to warn of the allegedly dangerous condition.

## II.  **LEGAL STANDARD**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

to a judgment as a matter of law." FED. R. CIV. P. 56©. The court must view all the evidence and any reasonable inferences therefrom in the light most favorable to the nonmoving party. *Miller v. American Family Mut. Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000).

### III. <u>DISCUSSION</u>

"In an action for negligence, the plaintiff must set out sufficient facts establishing the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from the breach." *Rowe v. State Bank of Lombard*, 125 Ill.2d 203, 214 (Ill. 1988). Posen contests Plaintiffs' evidence of duty and breach and additionally claims statutory immunity against Plaintiffs' failure to warn claim.

#### A. **Duty of Care**

Whether a duty exists is a question of law for the court to determine. *Lee v. Chicago Transit Authority*, 152 Ill.2d 432, 446 (Ill. 1992). At common law, the duty owed to persons entering upon the land of another depended upon classification of the entrant into one of three categories: invitee, licensee, or trespasser – with the first of these requiring the highest standard of care and the last the lowest. *Miller v. General Motors Corp.*, 207 Ill.App.3d 148, 153-54 (4th Dist. 1990). In 1984 the Illinois Legislature modified this regime so that the duty owed to an invitee or a licensee is now the same – ordinary care. *Illinois*

*Premises Liability Act*, 740 ILCS 130/2 (West 2002). The duty owed to trespassers, however, remains only not to injure them willfully or wantonly. *Miller*, 207 Ill.App.3d at 159.

Posen argues that Leavitt was trespassing on Wilson's property when she fell, and that since the water meter pit was on Wilson's property to service Wilson's house, Posen derivatively enjoys Wilson's privilege against simple negligence liability to trespassers. Consequently, Posen argues, it only owed Leavitt the duty not to injure her willfully or wantonly.

### 1. *Posen's Assertion of Derivative Landowner Privilege*

It is undisputed that Posen does not own the land on which Leavitt was walking when she fell. A utility can, however, derivatively assert a landowner's privilege against simple negligence liability to trespassers if the utility maintains equipment on the landowner's property for the property's benefit. *Knyal v. Illinois Power Co.*, 169 Ill.App.3d 440, 444 (4th Dist. 1988). Plaintiffs contend that Illinois courts have only recognized this derivative privilege in cases involving inherently dangerous equipment, such as electrical wires, but this Court finds no principled distinction in the cases between electrical lines servicing a property and a water meter servicing a property. Consequently, Illinois law entitles Posen to share in Wilson's privilege against trespasser liability.

### 2. *Posen's Argument that Leavitt was a Trespasser*

According to Posen, the undisputed facts establish that Leavitt was a trespasser not entitled to ordinary care because she was on Wilson's property for her own purpose and without Wilson's permission. Plaintiffs contest this in two ways. First, Plaintiffs argue that Leavitt was an implied licensee because she was on the property with Wilson's consent. Second, they assert the "frequent trespasser" exception to the usual landowners' privilege against trespasser liability.

### a. Implied License

A licensee is one who enters land "with the owner or occupier's express or implied consent to satisfy his own purpose." *Rodriguez v. Norfolk and Western Ry. Co.*, 228 Ill.App.3d 1024, 1038 (1st Dist. 1992). Plaintiffs have produced evidence that Wilson expressly consents to the public crossing his yard because he believes it is the only safe pedestrian route along Western Avenue. Wilson testified that 20-30 people cross his yard each day and that he does not object to Leavitt's having crossed it. Because landowner consent is the central element of licensee status, *Restatement (2nd) of Torts § 330* (1965), and because Posen is entitled to the same – not a greater – privilege against simple negligence liability as Wilson, *Knyal*, 169 Ill.App.3d at 444, the above facts alone preclude summary judgment on Leavitt's status.

Posen argues that Leavitt cannot be a licensee because Wilson had never spoken to her and she had never crossed his yard before. This Court disagrees. Illinois courts have relied on Restatement

Section 330 to analyze licensee status, *see, e.g.*, *Skoczylas v. Ballis*, 191 Ill.App.3d 1, 5 (1st Dist. 1989), and the comments to that section expressly state that "it is immaterial whether the particular person entering knows or does not know of the acts or words by which [ ] consent is expressed." *Rest. (2nd) Torts § 330*, cmt. f. Indeed, Illinois courts frequently have found licensee status without reference to the plaintiff's previous personal use of land. *See, e.g.*, *Hendle v. Stevens*, 224 Ill.App.3d 1046, 1049 (2nd Dist. 1992) (licensee status where trespassing child had said only that "other children" had trespassed in the area before); *Mazzeffi v. Schwanke*, 52 Ill.App.3d 1032, 1033 (1st Dist. 1977)(licensee status where plaintiff accompanied son who had permission to enter land); *Dobrin v. Stebbins*, 122 Ill.App.2d 387, 390 (4th Dist. 1970)(licensee status where a salesman entered property along a dirt path from sidewalk to home's front door).

Posen contends that *Reid v. Norfolk & Western Ry. Co.*, 157 F.3d 1106 (7th Cir. 1998), commands the opposite conclusion. In *Reid*, the defendant's train injured the plaintiff as he walked along a stretch of track where local residents often crossed the tracks. *Id.* at 1111-1112. The *Reid* court concluded that the plaintiff could not claim lawful presence on the defendant landowner's property – over the defendant landowner's objection – merely because other people had trespassed in the same general area in which the plaintiff trespassed. *Id.*

*Reid* is distinguishable from this case. Here, the landowner, Wilson, expressly considers Leavitt to have been lawfully on his property. Moreover, Leavitt has testified that she was intentionally following a "well-worn path" through Wilson's yard. *Reid*, by contrast, did not involve a path at all and was based on that court's interpretation of an Illinois case in which the plaintiff had been unaware of a beaten path near where he trespassed. *See id.; Rodriguez v. Norfolk and Western Ry. Co.*, 228 Ill.App.3d 1024, 1042 (1st Dist. 1992).

### b. The Frequent Trespasser Doctrine

Plaintiffs assert the "frequent trespasser" doctrine as a second, independent, basis for denying summary judgment on the issue of Leavitt's status. Because this Court has already concluded that summary judgment on Leavitt's status would be inappropriate, the Court will reserve ruling on the "frequent trespasser" issue.

### B. Breach of Duty

Generally, whether a defendant has breached its duty of care is a jury question. *Zimmerman v. Netemeyer*, 122 Ill.App.3d 1042, 1044-45 (5th Dist. 1984). Here, Posen argues that Plaintiffs cannot prove Posen breached its duty because the Posen employee who read Wilson's meter on October 21, Ron Szczecina, testified that he securely replaced the cover on that day. At another point in his deposition, however, Szczecina testified that he does not specifically recall reading Wilson's meter. It is for the jury to

weigh Szczecina's testimony. *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 159 Ill.2d 137, 170-71 (1994).

Posen also argues that, even if Szczecina does not remember whether he secured the cover, Plaintiffs cannot prove negligence because the evidence is too circumstantial and speculative. Negligence can, however, be proven through circumstantial evidence, so long as that evidence supports a reasonable inference of negligence. *Mort v. Walter*, 98 Ill.2d 391, 397 (1983). Here, the evidence establishes that a Posen employee removed the meter pit cover on the day before Leavitt fell, that a secured meter pit cover can only be removed with a tool such as a flathead screwdriver, and that neither Wilson nor any members of his family removed the lid. A jury could reasonably infer from these facts that Posen employees did not securely replace the cover after reading Wilson's meter on October 21. *Compare Pearson v. Ford Motor Co.*, 32 Ill.App.3d 188, 190-91 (1st Dist. 1975)(evidence presented jury question where ladder fell from machine bearing defendant's name without direct evidence that defendant shipped the machine or failed to secure the ladder); *Lane v. Hardee's Food Systems, Inc.*, 184 F.3d 705, 708 (7th Cir. 1999)(reversing judgment for defendant where evidence showed only that plaintiff slipped in defendant's restroom shortly after defendant's employees had been scheduled to mop the restroom).

Finally, Posen argues that it is entitled to summary judgment because no evidence suggests that Posen had actual or constructive

knowledge of any danger posed by the meter cover. Such notice, however, is not required where the defendant created the dangerous condition at issue. *Donoho v. O'Connell's Inc.*, 13 Ill.2d 113, 118 (1958). As this Court has concluded that there is a question of fact as to whether Posen created the dangerous condition of the dislodged meter pit cover, Posen is not entitled to summary judgment on this point.

### C. Immunity

*The Local Governmental and Governmental Employees Tort Immunity Act*, 745 ILCS 10/1 *et seq.* (West 2000)(the "Tort Immunity Act"), governs the tort liability of local public entities. Posen argues that Section 3-104 of the Act provides it with absolute immunity against Plaintiffs' failure-to-warn claim. Section 3-104 provides,

> [n]either a local public entity nor a public employee is liable under this Act for an injury caused by the failure to initially provide regulatory traffic control devices, stop signs, yield right-of-way signs, speed restriction signs, distinctive roadway markings or any other traffic regulating or warning sign, device or marking, signs, overhead lights, traffic separating or restraining devices or barriers.

745 ILCS 10/3-104.

This Court rejects Posen's argument that Section 3-104 immunizes it in this case. Statutory language must be given its plain and ordinary meaning. *Franzese v. Trinko*, 66 Ill.2d 136, 139 (1977). The plain language of Section 3-104 involves municipal

liability related to traffic regulation. Posen interprets Section 3-104 to govern liability for an injury that occurred in a private citizen's yard, outside any municipally controlled traffic area. Yet the only case Posen offers for its position involved a plaintiff who tripped on a light pole base protruding from a *public sidewalk. See, Bonner v. City of Chicago*, 334 Ill.App.3d 481, 487 (1st Dist. 2002). Nothing in the case law or in the statutory language indicates that Section 3-104 provides blanket immunity against failure-to-warn claims. Especially since "the [Tort Immunity Act] is in derogation of the common law . . . , and must, therefore, be strictly construed against the local public entity," *Reynolds v. City of Tuscola,* 48 Ill.2d 339, 342 (1971). This Court declines to hold that Posen is statutorily immune from Plaintiffs' failure-to-warn claim.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, Posen's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

*[signature]*
Harry D. Leinenweber, Judge
United States District Court

**DATE**: February 8, 2007